69 F.3d 534
 5 A.D. Cases 256
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Charles T. WILDER, Jr., Plaintiff-Appellant,
v.
SOUTHEASTERN PUBLIC SERVICE AUTHORITY OF VIRGINIA; Toney
Saunders, Superintendent of Transportation,
S.P.S.A., Defendants-Appellees.
 No. 94-2621.
 United States Court of Appeals, Fourth Circuit.
 Argued: Sept. 28, 1995.
Decided: Oct. 31, 1995.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. J. Calvitt Clarke, Jr., Senior District Judge. (CA-94-531-N)
 ARGUED: SuAnne Leigh Hardee, HARDEE & HENNESSY, P.C., Chesapeake, Virginia, for Appellant. William McCardell Furr, WILLCOX & SAVAGE, P.C., Norfolk, Virginia, for Appellees. ON BRIEF: Thomas F. Hennessy, HARDEE & HENNESSY, P.C., Chesapeake, Virginia, for Appellant. T. Scott McGraw, WILLCOX & SAVAGE, P.C., Norfolk, Virginia, for Appellees.
 E.D.Va.
 AFFIRMED.
 Before WILKINS, LUTTIG, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Charles T. Wilder, Jr. brought suit against both his employer, the Southeastern Public Service Authority (SPSA), and his supervisor, Toney Saunders, claiming racial discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. Secs. 2000e to 2000e-17 (West 1994), and 42 U.S.C.A. Secs. 1981, 1983 (West 1994), disability discrimination in violation of the Americans with Disabilities Act (ADA), 42 U.S.C.A. Secs. 12101-12213 (West 1995), and retaliation for filing a complaint with the EEOC in violation of both Title VII and the ADA. The district court granted summary judgment in favor of SPSA and Saunders. We affirm.
 
 I.
 
 2
 Wilder is an African-American suffering from Crohn's Disease, a chronic inflammation of the bowels. He was employed by SPSA as its only full-time dispatcher from May 29, 1990 until he resigned on May 19, 1993. During the three years he was employed by SPSA, he was absent from work a total of 750 hours--more than four months--primarily on sick or unpaid leave. In May 1993, Wilder resigned after Supervisor Saunders issued to him the latest in a series of formal warnings for unexcused tardiness. He then filed a complaint with the EEOC in September 1993, claiming both racial and disability discrimination.
 
 
 3
 Wilder subsequently filed this action, charging that he had been discriminated against on the basis of his race and disability and in retaliation for his prior EEOC complaint. The district court granted summary judgment against Wilder, concluding that he had failed to present evidence sufficient to create a genuine issue of material fact with respect to the elements of a prima facie case.
 
 II.
 
 4
 Wilder argues that any failure on his part to present sufficient evidence to survive summary judgment is attributable to a protective order denying him the opportunity to depose Gwen Davin, a former Director of Human Resources for SPSA. Federal Rule of Civil Procedure 26(c) authorizes a court to issue an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" upon a showing that good cause exists and that the parties have attempted to resolve the matter through negotiation. We review discovery rulings for an abuse of discretion. See Ardrey v. United Parcel Serv., 798 F.2d 679, 682 (4th Cir.1986), cert. denied, 480 U.S. 934 (1987).
 
 
 5
 Davin requested a protective order because she suffers from multiple sclerosis, a condition that is severely aggravated by stress. To limit the stress of a deposition, a protective order was issued restricting Wilder to submitting only written interrogatories to her. Wilder submitted over two hundred questions and subparts, the majority of which could have been answered by deposing others and by examining the books and records of SPSA. Because the stress of answering these written questions caused Davin's physical condition to worsen, she filed a motion to expand the initial protective order after answering approximately one hundred questions.
 
 
 6
 Following an emergency hearing, a temporary expansion of the protective order excused Davin from participating in discovery until her doctor could submit a report on her condition. This order was extended indefinitely after her doctor reported that the stress of answering the questions had adversely affected her physical condition and that continuing to answer the remaining questions could endanger her health permanently. Based upon this record, we cannot say that extending the protective order was an abuse of discretion.*
 
 III.
 
 7
 Wilder also argues that summary judgment was improperly granted because he presented sufficient evidence to raise a genuine issue of material fact. After carefully considering the arguments of counsel and reviewing the record, we affirm the grant of summary judgment for reasons adequately stated by the district court in its memorandum order and opinion. Wilder v. Southeastern Pub. Serv. Auth., No. 94-531 (E.D.Va. Dec. 6, 1994).
 
 
 8
 AFFIRMED.
 
 
 
 *
 Wilder argues that he orally challenged the protective order before the district court. We assume, without deciding, that the oral objection to the protective order was appropriately made to the district court under Federal Rule of Civil Procedure 72(a) and, therefore, that the issue is properly presented on appeal